UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

CARMEN C. HIDALGO,

        Plaintiff,                        **MEMORANDUM AND ORDER**
                                                            20-CV-1271 (RPK)

       v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

---------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

        Plaintiff's motion for attorney fees, *see* Mot. (Dkt. #16), is granted in part and denied in part.

## BACKGROUND

        The Court previously so-ordered a stipulation reversing the Commissioner's decision and remanding plaintiff's claim to the Social Security Administration. *See* Aug. 19, 2020 Order Dismissing Case. The Court subsequently so-ordered the stipulated award of $608.85 in attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). *See* Aug. 27, 2020 Order. On remand, an administrative law judge found plaintiff disabled and entitled to benefits. *See* Affirm. in Supp. of Mot. for Attorney Fees ¶ 6 ("Affirm.") (Dkt. #18). Plaintiff's counsel now moves, pursuant to 42 U.S.C. § 406(b), for the Court to approve an attorney fee award of $7,730.62, which equals 12.5% of plaintiff's recovery of past-due benefits, or half of the 25% owed under a contingency agreement between plaintiff and plaintiff's counsel. *See* Affirm. ¶¶ 2, 13. Plaintiff's counsel states that he "will refund the previously awarded EAJA fees in the amount of $608.85 directly to Plaintiff." Affirm. ¶ 13.

1

**DISCUSSION**

Plaintiff's motion for attorney fees is granted in part and denied in part.

In a successful social security case involving a contingency fee agreement, "the district court's determination of a reasonable fee under [Section] 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). The court must first determine whether the contingency percentage is within the 25% cap set by Section 406(b), and then the court must "also consider whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id*. at 372. In determining whether a fee award amounts to "a windfall to the attorney," the Second Circuit requires consideration of four factors: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854–56 (2d Cir. 2022).

Here, while a $7,730.62 award would not exceed the 25% cap and there are no allegations of fraud or overreaching with respect to the underlying agreement, the award amounts to an unreasonable windfall to counsel. While the first and third *Fields* factors do not favor a downward adjustment of the fee award, the second and fourth factors do. *See Gray v. Comm'r of Soc. Sec.*, No. 20-CV-3916 (PKC), 2023 WL 3948796, at *3–4 (E.D.N.Y. June 12, 2023) (adjusting fee award after finding that the second and fourth *Fields* factors favored a downward adjustment).

As to the nature and length of the professional relationship, counsel "did not represent [plaintiff] in front of [the agency] before filing this suit," and plaintiff's representation in federal court only required 2.9 hours of attorney work. *Gray*, 2023 WL 3948796, at *3; *see* Affirm. ¶¶ 2, 8, 10. And as to the uncertainty of an award and the effort it took to achieve one, plaintiff's case was favorably resolved before counsel filed any brief, with the agency agreeing to a remand. This outcome suggests a "relative lack of uncertainty or difficulty." *Gray*, 2023 WL 3948796, at *4; *cf. Fields*, 24 F.4th. at 856 (finding uncertainty in part because "advancing the claim in the district court was not without effort, as . . . [counsel] had submitted a 19-page memorandum of law that was specific and well supported" (quotation marks and citation omitted)). Counsel appears to have "take[n] on a contingency-fee representation that succeed[ed] immediately and with minimal effort, suggesting very little risk of nonrecovery," rendering a "windfall [] more likely." *Fields*, 24 F.4th at 856.

Based on the four *Fields* factors, "both separately and together," 24 F.4th at 856, the requested fee award would constitute a windfall. "The *de facto* hourly rate" of $2,665.73 "at which Binder would be paid" is "above even some of the highest attorneys' fees awarded in the Second Circuit." *Figueroa v. Comm'r of Soc. Sec.*, No. 22-CV-3759 (SLC), 2024 WL 5039633, at *4 (S.D.N.Y. Dec. 9, 2024) (collecting cases). And while the high hourly rate standing alone is not "determinative," *id.* at *5, compensation at that rate would be unreasonable given the *Fields* factors discussed above. Accordingly, the fee award is reduced to $4,350.00, reflecting an effective hourly rate of $1,500 per hour. *See ibid.* (adjusting award to effective hourly fee of $1,500); *Gray*, 2023 WL 3948796, at *4 (same); *Piccolo v. Kijakazi*, No. 23-CV-6165 (RPK), 2024 WL 5159439, at *2 (E.D.N.Y. Dec. 18, 2024) (same); *Morales v. Comm'r of Soc. Sec.*, No. 20-CV-10568 (KMK) (VR), 2023 WL 7168750, at *1 (S.D.N.Y. Oct. 5, 2023) (finding an effective hourly fee of

3

$1,469.89 for 3.5 hours of work reasonable), *report and recommendation adopted*, 2023 WL 7166094 (S.D.N.Y. Oct. 31, 2023); *cf. Kazanjian v. Astrue*, No. 09-CV-3678 (BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (finding an effective hourly fee of $2,100 reasonable where attorney's 19.75 hours of work included "review[ing] the Commissioner's opposition brief" and drafting "a moving brief" and "a reply brief").

## CONCLUSION

Plaintiff's motion for attorney fees is granted in part and denied in part. Plaintiff's counsel is awarded $4,350.00 in attorney fees pursuant to 42 U.S.C. § 406(b), paid out of the benefits due to plaintiff. Plaintiff's counsel is directed to refund to plaintiff all fees previously awarded pursuant to the EAJA.

SO ORDERED.

                                                   /s/ Rachel Kovner
                                                  RACHEL P. KOVNER
                                                  United States District Judge

Dated: May 13, 2025
       Brooklyn, New York